UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LLOYD GEORGE MAXWELL, | ) | CASE NO.  4:06 CV 2844 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) |  AND ORDER |
| WARDEN, T. R. SNIEZEK, | ) | |
| | ) | |
| Respondent. | ) | |

On November 27, 2006, pro se petitioner Lloyd George Maxwell filed the above-captioned petition for a writ of mandamus pursuant to 28 U.S.C. § 1361 in support of his 28 U.S.C. § 2241 motion. Petitioner also filed a Supplemental Memorandum on January 23, 2007 to amend his § 2241 "based on the Supreme Court's decision in Lopez v. Gonzales, No. 05-547 (2006)."

Mr. Maxwell, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), brings this action against F.C.I. Elkton Warden T.R. Sniezek. Petitioner asserts that the Warden has a duty to correct his conviction because the United States District Court for the Eastern District of Virginia allegedly did not have jurisdictional, statutory or the constitutional power to "adjudicate his case. This is based on a VOID INDICTMENT." (Pet. at 2.) He claims that his sentence expired in September 2006 and constitutes an Eighth Amendment violation because he is being held beyond his lawful release date.

The court takes notice of the fact that this is the third habeas corpus action pursuant to 28 U.S.C. § 2241 that Mr. Maxwell has filed in this court. See Maxwell v. Lamanna, No. 4:00cv0189 (N.D. Ohio filed Jan. 21, 2000)(J. Economus); Maxwell v. Sniezek, No. 4:05cv0730

(N.D. Ohio filed Mar. 14, 2005)(J. Nugent).[1]  The grounds for relief in his present petition are identical to the petition Mr. Maxwell filed in March 2005.

*Background*

In 1993, a jury convicted Mr. Maxwell in the United States District Court for the Eastern District of Virginia of conspiracy and attempt to possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. He alleges he was "improperly sentenced" on November 12, 1993 to a term of 240 months of imprisonment, plus an additional ten years based on enhancement for a 1988 drug conviction. The Fourth Circuit Court of Appeals affirmed his convictions and sentence in January 1995. See United States v. Maxwell, No. 93-5917, 1995 WL 32637 (4th Cir. Jan.27, 1995). Thereafter, the district court denied Mr. Maxwell's motion for relief under 18 U.S.C. § 3582. The Fourth Circuit affirmed the district court's judgment dismissing the motion, and noted that Maxwell's § 3582 motion was more properly construed as a § 2255 motion. See United States v. Maxwell, No. 99-7153, 2000 WL 341917 (4th Cir. Apr.3, 2000).

On August 7, 2004, Mr. Maxwell filed an informal request for administrative remedy with the staff at F.C.I. Elkton wherein he requested a 6 level reduction of his offense pursuant to sections 1B1.10, 1B1.11 and 3B1.2 of the sentencing guidelines.  He claimed that the court

---

[1] In the § 2241 he filed in January 2000, Mr. Maxwell challenged his 1988 convictions and sentence, arguing that: 1) his convictions were obtained in violation of his Fourth Amendment rights because the police conducted a non-consensual search of his co-conspirator's car; and 2) his counsel rendered ineffective assistance by not properly asserting Maxwell's standing to challenge the alleged improper search.  He also appeared to challenge his 1993 sentence as improper because the court imposed a ten-year enhancement based on his 1988 convictions.  Judge Economus dismissed the petition because Mr. Maxwell failed to show that his remedy under § 2255 was inadequate or ineffective.

erroneously sentenced him under sentencing guidelines that were not in effect at the time. The staff responded to Mr. Maxwell, stating that the Bureau of Prisons (BOP) could not fulfill his request because it is the responsibility of United States Parole Office to calculate his Presentence Report and provide it to the judge to determine a defendant's ultimate sentence.

Petitioner appealed to Warden Sniezek, who denied his request on September 11, 2004 based on a lack of jurisdiction over the issues raised in his request. Mr. Maxwell's subsequent appeals to the Regional Director and National Inmate Appeals were each denied for the same reason. After exhausting his administrative remedies, Mr. Maxwell filed a petitioner for writ of habeas corpus in this court on March 14, 2005. This court denied the petition on June 3, 2005 because petitioner failed to demonstrate that his remedies under 28 U.S.C. § 2255 were inadequate to test the legality of his conviction.

Referring back to the March 14, 2005 petition, Mr. Maxwell states that in that former petition he "mistakenly challeng[ed] [his] Conviction and sentence pursuant to Sections 1B1.10, 1B1.11 and § 851, by failing to show this Court that his remedy under § 2255 is inadequate or ineffective to test the legality of his sentence in his Sentencing Court." (Pet.at 3.) A careful review of the present petition and attachments reveals that Mr. Maxwell has, again, failed to demonstrate that his remedy under § 2255 is inadequate or ineffective to test the legality of his sentence.

*Analysis*

Mr. Maxwell asks the court to consider whether the BOP or the courts have jurisdiction

> [1] to correct his Enhanced Criminal History Category roman numeral[s] three to two, and sentence from 240 to 210 months because of only (2) Criminal Offense[s]; in which, his Sentencing Court improperly sentenced him in violation of his Fifth and Sixth

3

>Amendment Constitutional rights pursuant to 18 U.S.C. 3553, Blakely v. Washington, 124 S.Ct. 2531 . . . (2004) and United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005)"; [2]. . .over his "Falsity Indictment, conviction and sentence to vacate or correct them pursuant to 18 U.S.C.§ 1623(a)(c)(d)(e), Brady v. Maryland, 373 U.S. 87 (1983) . . . in which they were obtained by the Sentencing Court in violation of his Fifth and Sixth Amendment Constitutional Rights; [3]. . . the Petitioner's Indictment in which the Sentencing Court improperly charges the jury on count 1 and 11 of the indictment is based on the same Act, thus, in violation of Fifth and Sixth Amendment Constitutional Rights Pursuant to Apprendi v. New Jersey, 530 U.S. ___, . . . , 120 S. Ct. 2348 (2000); [4]. . . over the Petitioner's cause and prejudice pursuant to United States v. Frady, 456 U.S. 152 . . . (1982) to vacate or correct it; [5]. . . over the Petitioner's ineffective assistance of counsel pursuant to Strickland v. Washington, 466 U.S. 668 . . . (1984) to vacate or correct it.

(Pet. at 3.) With minor exceptions, these are the same arguments raised in Mr. Maxwell's last §2241 petition. The distinction here is that he is bringing his §2241 petition through a writ of mandamus; claiming the respondents owe him a duty to be released from prison because his sentence has allegedly expired.

*Writ of Mandamus*
*28 U.S.C. § 1361*

The writ of mandamus is a drastic remedy, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought. See Will v. Calvert Fire Ins. Co., 437 U.S. 655, 661-62(1978); Kerr v. United States Dist. Court, 426 U.S. 394, 402-03 (1976). Such circumstances are not present in this case, especially where the petitioner failed to show entitlement to review under § 2255. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998) (rejecting motions for writs of mandamus, coram nobis, and audita querela). Mandamus is an extraordinary remedy which should only be utilized in the clearest and most compelling of cases. In order to demonstrate a right to the issuance of the writ, the plaintiff must show: (1) that a

public official has a plain duty to perform certain acts; (2) that the plaintiff has a plain right to have those acts performed; and (3) that there exists no other adequate remedy by which the plaintiff's rights can be vindicated. Matthews v. United States, 810 F.2d 109, 113 (6th Cir. 1987); City of Highland Park v. Train, 519 F.2d 681, 691 (7th Cir.1975), cert. denied, 424 U.S. 927 (1976). The claim must be clear and certain, the duty of the officer involved must be ministerial and plainly defined. Prairie Band of Pottawatomie Tribe of Indians v. Udall, 355 F.2d 364 (10th Cir. 1966). Acts of discretion are normally not subject to mandamus. Furthermore, a court should have the benefit of some specific statutes or regulations against which to measure the duties asserted to have been ignored by the respondents.

Here, Mr. Maxwell merely asserts that respondent has a duty to release him from prison because he has completed his sentence. Of course his assertion that he has completed his sentence is pure conjecture because every challenge to his conviction has been denied on appeal as well as by request for habeas relief. In his present petition, again, he does not cite to an intervening change in the law, nor to any circumstances that prevented him from asserting his claims at an earlier opportunity, and hence he has failed to establish that his remedy under § 2255 is inadequate or ineffective. See In re Davenport, 147 F.3d 605, 611-12 (7th Cir.1998); Triestman v. United States, 124 F.3d 361 ,377-80 (2d Cir. 1997); In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir.1997).

His reliance on the the Supreme Court's recent decision in Lopez v. Gonzalez, 127 S.Ct. 625 (2006) is misplaced. In Lopez, an alien permanent legal resident had been convicted of a South Dakota felony offense of aiding and abetting the possession of cocaine and the Board of Immigration Appeals (BIA) subsequently ordered his removal. He appealed South Dakota's treatment of his conviction for aiding and abetting another person's possession of cocaine as the

equivalent of possessing the drug, and thus a felony under that state's law. Mr. Lopez argued that the offense was a misdemeanor under the Controlled Substances Act, and thus not an "aggravated felony" under the Immigration and Nationality Act (INA). The Court concurred and held that Mr. Lopez was not disqualified from discretionary cancellation of removal, even after his deportation. The Court analyzed whether appellant's offense constituted an aggravated felony within the four corners of the INA, which is not germane to petitioner's case.

Mr. Maxwell's claims are not novel, and like the others noted herein, are frequently asserted on appeal by thousands of prisoners every year. He should be aware from this court's prior opinions that a federal prisoner seeking to challenge the imposition of his sentence, on grounds that the sentence was imposed "in excess of the maximum authorized by law, or is otherwise subject to collateral attack," must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court. See 28 U.S.C. § 2255; Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir.1998).

It is only if it appears that the remedy to test the legality of his detention under § 2255 is "inadequate or ineffective," that section 2255 provides a safety valve wherein a federal prisoner may challenge his conviction or the imposition of his sentence pursuant to §2241. United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). The circumstances in which § 2255 is inadequate and ineffective are narrow and Mr. Maxwell's present petition still fails to gain entry. Although the Sixth Circuit has not determined the exact scope of the savings clause, it appears that a prisoner must at least show factual innocence. See Charles, 180 F.3d at 757. While Mr. Maxwell attempts to attack alleged errors at trial to claim he is innocent, "actual innocence" with respect to the savings clause means factual innocence, rather than mere legal

6

insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998). There are no facts set forth in his petition that demonstrate that he is "actually innocent" of the crime for which he was convicted. See Martin v. Perez, 319 F.3d 799, 804 (6th Cir.2003)("'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him)(quoting Bousley v. United States, 523 U.S. 614, 623 (1998)). All of his arguments have been considered and rejected in his prior § 2241 petitions. Accordingly, this Court finds that mandamus is not a proper remedy and the petition, insofar as he seeks such a writ, is denied.

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 1915A[2] and 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

   /s/ David A. Katz
DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[2]The relevant statute provides:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> . . .
>
> > (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> >
> > > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted

28 U.S.C. §1915A(b)(1)(2006)